[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 98-2191

UNITED STATES,

Appellee,

v.

FRANKLYN RIVERA-SANTIAGO,
a/k/a FRANKY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Stahl, Senior Circuit Judge,
and Selya, Circuit Judge.

---

Evelyn Quinones Carrasquillo on brief for appellant.

---

June 6, 2001

---

**Per Curiam**.  Franklyn Rivera Santiago appeals the sentence imposed following his guilty plea to various narcotics-related offenses.  Counsel for Rivera has submitted an Anders brief and a motion to withdraw, asserting that there are no meritorious issues to be raised on appeal.  See Anders v. California, 386 U.S. 738; 1st Cir. Loc. R. 46.4(a)(4).  Rivera has not filed a separate brief, although he has been informed of his right to do so.  After carefully reviewing the Anders brief and transcripts of the plea colloquy and sentencing hearing, we agree with counsel that the appeal presents no issue having an arguable basis in law or fact.

Rivera was initially tried and convicted along with a co-defendant, Edwin Alamo.  Those convictions were reversed on appeal  by this court, and prior to a second trial, Rivera pled guilty to one count of attempting to possess narcotics with intent to distribute.  The district court, noting Rivera's status as a police officer, sentenced Rivera at the high end of the applicable guideline imprisonment range.  In contrast, Alamo, who also pled guilty and who was assigned the same base-offense level as Rivera, was apparently sentenced at the low end of the guideline range.  On appeal, Rivera contends that since he was less culpable than Alamo, he also should have been

sentenced at the low end of the guideline range.  It is well settled, however, that we have no jurisdiction to review a sentence within the applicable guideline range.  <u>United States v. Brennan</u>, 994 F.2d 918, 929-30 (1st Cir. 1993).

**<u>Affirmed.</u>**