Bourara v. N.Y. Hotel Trades Council & Hotel Ass'n of N.Y.C., Inc., Emp. Benefit Funds

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

MUSTAPHA BOURARA, M.D.,

*Plaintiff-Appellant*,

v.                                                          20-3092

THE NEW YORK HOTEL TRADES COUNCIL
AND HOTEL ASSOCIATION OF NEW YORK
CITY, INC., EMPLOYEE BENEFIT FUNDS,

*Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ROBERT A. DAVITCH, Sidkoff Pincus & Green, P.C., Philadelphia, PA (Sidney L. Gold, Sidney L. Gold & Assoc., P.C., Philadelphia, PA, *on the brief*). |
| **FOR DEFENDANT-APPELLEE:** | JENNIFER M. SCHMALZ, Ellenoff Grossman & Schole, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Freeman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellee, the New York Hotel Trades Council and Hotel Association of New York City, Inc., Employee Benefit Funds, employed Plaintiff-Appellant, Dr. Mustapha Bourara, as a part-time Obstetrics and Gynecology doctor at the Queens Health Center ("QHC"). On May 12, 2015, Bourara suffered various injuries from a slip-and-fall accident while he was working at another hospital. As a result, he took several weeks of short-term disability leave. Bourara testified that even after returning to work at the QHC, he had difficulty performing his job due to his disability.

On July 9, 2015, Bourara attended two separate doctor's appointments for his own medical needs during his shift. The following day, Bourara's supervisor, Dr. Doreen Sweeting, sent an email to Defendant's Chief Medical Officer, Dr. Vincent Jarvis, recommending Bourara's termination ("July 10 Email"). Defendant terminated Bourara on August 10, 2015 when Jarvis signed a termination memorandum prepared by Sweeting ("August 10 Memo"). Bourara brought this action claiming disability discrimination under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The district court granted summary judgment to Defendant, and Bourara timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Discrimination claims under the ADA, NYSHRL, and NYCHRL are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–

2

04 (1973). *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (ADA); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL and NYCHRL). "A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext" for discrimination. *Sista*, 445 F.3d at 169. Under the ADA, a plaintiff must show that discrimination was the but-for cause of the adverse action taken against him. *See Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019). We have applied the but-for standard in NYSHRL cases and suggested that a plaintiff may prevail in a NYCHRL case if discrimination was a partial motivating factor. *See Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 14 (2d Cir. 2018); *Forrester v. Corizon Health, Inc.*, 752 F. App'x 64, 66 (2d Cir. 2018).

Even assuming that Bourara met his prima facie burden, we affirm the district court's conclusion that Defendant articulated a legitimate and non-discriminatory reason for terminating Bourara—*i.e.*, theft of time. In order to survive summary judgment, Bourara was required to provide evidence that the proffered reason for his termination was pretext for discrimination, and that his disability was a but-for cause of his termination (or, on the NYCHRL claim, at least a motivating factor). He failed to do so. Bourara first argues that there is a genuine factual dispute about whether patients were waiting for him to return from his second medical appointment on July 9. He asserts that this is material because Sweeting, in the July 10 Email and August 10 Memo, said that "above all else," the reason for Bourara's termination was the inconvenience he caused for the patients.

3

As the district court found, notwithstanding the "above all else" language in the July 10 Email and August 10 Memo, the articulated reason for termination was "theft of time." Specifically, Bourara's decision to attend personal doctor's appointments during his shift was the reason consistently given by Defendant for his termination. The factual dispute Bourara highlights does not render the stated reason pretextual—even if no patients were waiting, as Bourara claims, Defendant could legitimately have terminated him because attending personal appointments during his shift still constituted theft of time.

Bourara's second argument is that Defendant gave shifting and inconsistent explanations for his termination, which can be evidence that the employer's proffered reason is pretext for discrimination. *See, e.g.*, *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013). Undermining Bourara's argument, however, is the fact that at all relevant times, Defendant's reason for terminating Bourara was based on his decision to attend medical appointments during his shift on July 9. Although Defendant did not label the conduct as "theft of time" until litigation, the July 10 Email and August 10 Memo described the same conduct as the underlying reason for termination.

Third, Bourara argues that the additional allegations of misconduct that Sweeting added to the August 10 Memo, which she had not included in the July 10 Email, were false and reflected discriminatory motive. We conclude that the incidents Bourara disputes are not material to the case and that their addition to the August 10 Memo did not reflect discriminatory motive by Sweeting.

Fourth, Bourara argues that Defendant deviated from its own employee-discipline policy, which raises an inference that the employer's reason was a pretext for discrimination. But Bourara's disagreement with Defendant's decision to treat his actions as a major infraction rather

4

than a minor one does not transform that judgment call into a policy deviation, much less evidence of pretext for discrimination. We do not "sit as a super-personnel department that reexamines employer's judgments." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 73 (2d Cir. 2015) (internal citation and quotation marks omitted).

Finally, Bourara relies on the temporal proximity between when his supervisor became aware of his disability and when she recommended his termination as evidence of pretext for discrimination. Even assuming this six-week period could be evidence of pretext for discrimination, Bourara's misconduct—attending personal medical appointments during his shift—occurred the day before his supervisor recommended his termination, undermining his argument. Moreover, "[t]he temporal proximity of events may give rise to an inference of [discrimination] for the purposes of establishing a prima facie case of [discrimination] under [the ADA], but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

Bourara provided little if any other evidence demonstrating discriminatory motive, so we affirm the district court's conclusion that Bourara failed to demonstrate that the employer's reason for his termination was a pretext for discrimination or that his disability was a but-for cause of his termination.

We have considered the remainder of Bourara's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court